**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| TIFARAH CHENAL MCDANIEL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11-545 (EGS) |
| ) | |
| FEDITC LLC, ) | |
| FEDERAL IT CONSULTING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

On February 18, 2011, plaintiff Tifarah C. McDaniel, proceeding *pro se*, filed a complaint in the Superior Court of the District of Columbia against defendant FEDITC LLC ("FEDITC") for retaliation and wrongful termination.[1] Defendant timely removed the action to this Court. Pending before the Court is defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction and *forum non conveniens*. Upon consideration of defendant's motion, the response and reply thereto, the applicable law, the entire record, and for the reasons set forth below, the Court hereby **GRANTS** defendant's motion to dismiss.

---

[1] Plaintiff's complaint does not specify the law under which she is seeking relief. Plaintiff alleges, however, that the "EEOC has granted me a right to sue letter; EEOC could not find any violation of sexual harassment by the client . . . . Nonetheless, I endured retaliated [sic] against by the defendant for my complaint which led to wrongful termination." Compl. at 3:1-6. Accordingly, the Court understands that plaintiff intends to bring suit under Title VII of the Civil Rights Act of 1964.

## I. BACKGROUND

Defendant FEDITC is a minority-owned Maryland limited liability company specializing in information technology, with its principal place of business in Rockville, Maryland. Def. Mot. Ex. 1, Declaration of Richard Goudie ("Goudie Decl."), Doc. No. 5-2, ¶ 3. On or about July 24, 2008, FEDITC hired plaintiff Tifarah McDaniel for contract work in Alexandria, Virginia. Goudie Decl. ¶ 4. At the time of her employment with FEDITC, plaintiff was a resident of Virginia.[2] Compl. at 4:1-2; Pl. Opp. at 2 ("[A]t the time of my employment with the defendant, I lived in Alexandria, Virginia . . . .").

Plaintiff alleges that within a week of her employment, she began experiencing "harassing behaviors, comments and remarks of me [sic] sexual involvement with co-workers." Compl. at 2:8-10. Plaintiff alleges that she complained about this behavior to FEDITC managers by e-mail but received no response about how the incident would be handled. Compl. at 2:14-18. On August 8, 2008, plaintiff's employment was terminated, purportedly due to a security breach. Def. Mot. Ex. 2, Amended Charge of Discrimination, Doc. No. 5-3, at 1 ("Am. Charge").

On September 4, 2008, plaintiff filed a complaint against

---

[2] Prior to her employment with FEDITC, plaintiff was a resident of California. Compl. at 4:1. Plaintiff currently resides in Washington, DC. *See* Notice of Removal Ex. 3, Summons, Doc. No. 1-3.

FEDITC with the Equal Employment Opportunity Commission ("EEOC"), charging discrimination based on race and retaliation under Title VII of the Civil Rights Act of 1964.  Pl. Opp. Ex. 1, Charge of Discrimination, Doc. No. 7-1, at 1.  This complaint was later amended to add a charge of discrimination on the basis of sex.  *See* Am. Charge at 1.  Both complaints were cross-filed with the Alexandria, Virginia Office of Human Rights.  The EEOC ultimately dismissed plaintiff's charges and closed its investigation on November 23, 2010, finding no information sufficient to establish a statutory violation by FEDITC.  Pl. Opp. Ex. 5, Dismissal and Notice of Rights, Doc. No. 7-1.

Plaintiff subsequently filed suit in the Superior Court of the District of Columbia and served notice of the complaint on defendant by mail to its principal business address in Rockville, Maryland.  Notice of Removal Ex. 1, Affidavit of Service, Doc. No. 1-1.  Plaintiff seeks monetary relief in excess of $100,000 for lost wages, as well as compensatory damages.  Compl. at 4:14-16 (seeking monetary relief in the amount of $52,000 per year for two years); Pl. Opp. at 4 (requesting "2.5 years of back pay and compensatory damages amounting $140,000 or greater").

Defendant timely removed plaintiff's action to this Court on grounds of diversity and federal question jurisdiction.[3]  On April

---

[3] Based on the facts set forth in plaintiff's complaint, the Court finds that it has subject-matter jurisdiction over this action.  Plaintiff has not sought to remand this action to

5, 2011, defendant moved to dismiss plaintiff's complaint for lack of personal jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(2), and for *forum non conveniens*, pursuant to 28 U.S.C. § 1404.  Defendant's motion to dismiss is now ripe for consideration by the Court.

**II.  ANALYSIS**

"It is plaintiff's burden to make a *prima facie* showing that the Court has personal jurisdiction over the defendants." *Lammers Kurtz v. United States*, 779 F. Supp. 2d 50, 51 (D.D.C. 2011) (quoting *Ballard v. Holinka*, 601 F. Supp. 2d 110, 117 (D.D.C. 2009)).  A plaintiff must plead specific facts providing a basis for personal jurisdiction.  *Kurtz*, 779 F. Supp. 2d at 51.  Although complaints filed by *pro se* plaintiffs are to be liberally construed, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), "[p]ro se plaintiffs are not freed from the requirement to plead an adequate jurisdictional basis for their claims." *Kurtz*, 779 F. Supp. 2d at 51 (quoting *Gomez v. Aragon*, 705 F. Supp. 2d 21, 23 (D.D.C. 2010)).

In the D.C. Circuit, personal jurisdiction "must be determined by reference to District of Columbia law."  *United States v. Ferrara*, 54 F.3d 825, 828 (D.C. Cir. 1995).  District of Columbia law provides three avenues by which a court may

---

Superior Court.

exercise personal jurisdiction over a defendant. The Court will address each in turn.

First, under D.C. Code section 13-422, "[a] District of Columbia court may exercise personal jurisdiction over a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the District of Columbia as to any claim for relief." Here, it is undisputed that FEDITC is a Maryland limited liability corporation that maintains its principal place of business in Rockville, Maryland. Accordingly, FEDITC does not fall within the scope of D.C. Code section 13-422, and this Court cannot exercise personal jurisdiction over defendant on these grounds.

A court may nonetheless exercise jurisdiction over a non-resident defendant under the District of Columbia "long-arm" statute, set forth at section 13-423 of the D.C. Code. This statute allows District of Columbia courts to exercise jurisdiction over "acts of a defendant that touch and concern the forum." *See Steinberg v. Int'l Criminal Police Org.*, 672 F.2d 927, 928 (D.C. Cir. 1981). To establish so-called "specific" jurisdiction over a non-resident defendant, plaintiff must plead facts sufficient to show that the defendant, acting directly or through an agent, engages in certain types of conduct in the District, including, among other things, transacting business in the District of Columbia or contracting to supply services in the

District of Columbia.  D.C. Code § 13-423(a).  However, where jurisdiction is based solely on this provision, "only a claim for relief <u>arising from acts enumerated in this section</u> may be asserted against [the defendant]."  D.C. Code  § 13-423(b) (emphasis added).

While plaintiff's complaint itself contains no allegation that FEDITC engages in activity in the District of Columbia, in her opposition to defendant's motion to dismiss, plaintiff does contend that FEDITC "has ties to Washington DC by their announcement March 2010 of jobs contracted in the Washington DC area."  Pl. Opp. at 2.  As support, plaintiff points to FEDITC's website, which indicates that defendant had secured at least one contract for services in the District of Columbia as of March 2010.  Pl. Opp. Ex. 6, Doc. No. 7-1.  The Court finds these allegations insufficient to support specific personal jurisdiction over defendant FEDITC in this case.  Although plaintiff may be correct that FEDITC contracts to supply services in the District of Columbia, plaintiff has failed to demonstrate that her retaliation claim is in any way related to the business that FEDITC currently conducts in the District.  Rather, it is undisputed that FEDITC hired plaintiff in 2008 solely to work on a contract for services in Alexandria, Virginia.[4]  Accordingly,

---

[4] It is also undisputed that plaintiff herself resided in Virginia during her brief tenure at FEDITC.

the Court concludes that it cannot assert specific personal jurisdiction over defendant FEDITC under the District of Columbia long-arm statute.[5]

Finally, a court may exercise "general" personal jurisdiction over a non-resident corporate defendant pursuant to section 13-334 of the D.C. Code (the "General Jurisdiction Statute").  This statute provides for personal jurisdiction over a foreign corporation "doing business in the District."  D.C. Code § 13-334(a).  This statute makes clear, however, that in order for service to be "effectual to bring the corporation before the court," process must be served <u>within the District of Columbia</u>.  *Id.* ("In an action against a foreign corporation doing business in the District, process may be served on the agent of the corporation or person conducting its business, or, when he is absent and can not be found, by leaving a copy at the principal place of business in the District, or, where there is no such place of business, by leaving a copy at the place of business or residence of the agent in the District . . . .").  Even assuming plaintiff has sufficiently alleged that FEDITC is doing business in the District of Columbia, it is undisputed that plaintiff

---

[5] Because the Court finds that plaintiff has failed to plead sufficient facts under the District of Columbia long-arm statute, it does not reach the second part of the specific jurisdiction analysis, which is whether the exercise of personal jurisdiction would satisfy the requirements of due process.  *See Ferrara*, 54 F.3d at 828.

7

served FEDITC by mail to its principal place of business in Rockville, Maryland, and not in the District of Columbia. Such service does not meet the requirements of D.C. Code section 13-334. *See Gowens v. DynCorp*, 132 F. Supp. 2d 38, 42 (D.D.C. 2001) (finding service of process at company headquarters in Virginia insufficient to confer general personal jurisdiction in the District of Columbia). Accordingly, the Court concludes that it cannot assert general personal jurisdiction over defendant FEDITC.

For the foregoing reasons, the Court must **GRANT** defendant's motion to dismiss plaintiff's complaint for lack of personal jurisdiction. Having found sufficient grounds to grant defendant's motion, the Court does not reach defendant's arguments regarding *forum non conveniens.*

### III. CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Complaint is hereby **GRANTED.** An appropriate Order accompanies this Memorandum Opinion.

    **SO ORDERED.**

**Signed:    EMMET G. SULLIVAN**
           **United States District Judge**
           **November 18, 2011**

Notice to:
Tifarah C. McDaniel
P.O. Box 15377
Washington, DC 20003-0377